IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CR-52-JHP |
| ) | |
| DESHON STANLEY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This matter comes on for decision on the Defendant's Second Motion for Amendment of Conditions of Release. On February 28, 2006, a criminal complaint was filed alleging the defendant violated 18 U.S.C. §§ 1028(a)(7), 1028(c)(3)(A), and 1028(b)(2)(B) and 2. In support of that complaint a six (6) page affidavit detailing the criminal activities which defendant was alleged to be involved with and detailing various persons charged with criminal activity that the defendant was alleged to be acquainted and/or associated with over a long period of time. Upon the defendant's arrest, she was brought before the United States Magistrate Judge and an order setting conditions of release was entered. Said order included a requirement that the defendant "successfully participate in the Home Confinement Program to include electronic monitoring." (Doc. #10) After being released on the conditions set forth in the Magistrate's Order, Defendant filed a motion, pursuant to 18 U.S.C. § 3145, requesting elimination of the electronic monitoring condition for the "reasons that said requirement is punitive and unnecessary, and not the least restrictive condition which should be imposed." Since probation had not completed a written pretrial services report at the time of the

defendant's initial appearance, this Court referred the matter back to the magistrate so he could consider the written report prior to this Court's review of the matter. On March 23, 2006, the Magistrate Judge, after reviewing the pretrial services report and hearing arguments of counsel, found electronic monitoring was the least restrictive condition and ordered that electronic monitoring continue. Thereafter, the defendant filed a second motion for amendment of conditions of release with this Court.

Title 18 U.S.C. § 3142(g) requires this Court consider several factors in determining whether there are conditions of release which will "reasonably assure the appearance of the person as required and the safety of any other person and the community. . . . ." Those factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id*.

Although this proceeding is *de novo*, this Court has reviewed the statements of the Magistrate Judge at the initial detention hearing and at the hearing requesting an amendment of the release conditions held on March 23, 2006, and the written Pretrial Services Report. A review of the affidavit in support of the complaint filed herein provides a detailed factual basis upon which the indictment in this case arose and are important considerations for this Court in ascertaining the least restrictive conditions necessary to fulfill the purposes of § 3142. The affidavit is lengthy and sets forth in considerable detail the defendant's alleged involvement in criminal activity, including her involvement and/or associations with persons charged and/or convicted of criminal activities over a substantial period of time. The Pretrial

Services Report provides this Court with information regarding the history and characteristics of the defendant. In particular, this Court would note the defendant is a lifelong resident of Tulsa and has worked for the City of Tulsa for the past ten (10) years, but is currently on paid leave. Additionally, some fo the defendant's family resides in Tulsa.

After reviewing the record herein, this Court agrees with the findings of the Magistrate that based upon the allegations underlying the charges herein, *i.e.* contacting members of the criminal element and obtaining information about potential witnesses for those individuals, as well as the defendant's contacts within the Tulsa Police Department, the only way to ensure the safety of potential witnesses in this case is to keep the defendant on electronic monitoring. This will allow the probation officer the ability to monitor her activities in a controlled situation, thus ensuring the defendant does not commit acts of intimidation or improper contact with any potential witnesses in this particular case.

Therefore, this Court finds, by clear and convincing evidence, that the conditions imposed for the defendant's release are the least restrictive conditions which will not only reasonably assure the appearance of the defendant in the future, but will also provide reasonable assurance of the safety of the community as a whole. Accordingly, the defendant's motion is hereby denied and the Order Setting Conditions of Release filed herein on February 28, 2006 shall remain in effect without any amendment thereto.

It is so ordered on this day of March, 2006.

*/s/ James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma