IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CR-52-JHP |
| ) | |
| DESHON STANLEY and ) | |
| DIANA BRICE, ) | |
| Defendants. ) | |

## **ORDER**

This matter comes on for consideration of Defendants' Motion to Dismiss Second Superseding Indictment filed on August 31, 2006 (Dkt. 109). On September 14, 2006, the Government filed its Response objecting to dismissal of the Second Superseding Indictment (Dkt. 114).

On May 4, 2006, an eight-count Second Superseding Indictment was filed against the defendants alleging the following offenses: Count I, Conspiracy in violation of 18 U.S.C. § 1028(f); Count II, Fraud in Connection with Identification Information and Aiding and Abetting, in violation of 18 U.S.C. §§ 1028(a)(7), 1028(c)(3)(A), 1028(b)(2)(B) and 2; Count III, Computer Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1030(a)(4) and 2; Count IV, Aggravated Identify Theft, in violation of 18 U.S.C. §§ 1028(a)(1) and 1028A(c)(4); Count V, Fraud in connection with Identification Information and Aiding and Abetting, in

violation of 18 U.S.C. §§ 1028(a)(7), 1028(c)(3)(A), 1028(b)(2)(B) and 2; Count VI, Computer Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1030(a)(4) and 2; Count VII, Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 1028A(c)(4); and Count VIII, Computer Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1030(a)(4) and 2. Both defendants were named in Counts I, V, VI, VII and VIII. Counts II, III, and IV named only Defendant Stanley.

Defendants argue first that the allegations in the second superseding indictment do not constitute a violation of federal law. If the Court finds a violation of the applicable Oklahoma statute, defendant asserts this Court lacks jurisdiction over this matter. Finally, the defendants allege they are being placed twice in jeopardy for allegedly committing the same act or acts. More particularly, defendants argue 18 U.S.C. § 1028(a)(7) is intended to punish "identity theft" or, those who use actual identification documents unlawfully. Defendant Stanley claims that simply accessing the "TRACIS" computer system, reviewing reports and providing information from that system to another person, does not constitute providing a "means of identification." Additionally, Defendants claims the Oklahoma statute which they allegedly violated prohibits someone from willfully exceeding the limits of their authorization and copying or disclosing a computer system or computer network, "or

other property;" but does not regulate the data maintained on the actual computer system.

## Federal Statutes Involved

Defendants are charged with violations of 18 U.S.C. §§ 1028(a)(7), 1028(c)(3)(A), 1028(f), 1028A(a)(1), 1028A(c)(4), and 1030(a)(4). Section 1028 provides, in pertinent part, as follows:

> (a) Whoever, in a circumstance described in subsection (c) of this section–
>
> * * * * *
>
> (7) knowingly transfers, possesses, or uses, without lawful authority, a *means of identification* of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law;
>
> * * * * *
>
> (c) The circumstance referred to in subsection (a) of this section is that–
>
> * * * * *
>
> (3)(A) the production, transfer, possession, or use prohibited by this section is in or affects interstate or foreign commerce, including the transfer of a document by electronic means;
>
> * * * * *

> (f) **Attempt and conspiracy.**– Any person who attempts or conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense, the commission ow which was the object of the attempt or conspiracy.

(Italics added).

> Section 1028(d)(7) defines "*means of identification*" as
>
>> any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any–
>>
>> (A) a name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
>>
>> (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
>>
>> (C) unique electronic identification number, address, or routing code; or
>>
>> (D) telecommunication identifying information or access device (as defined in section 1029(e)).

Section 1028A provides enhanced punishment for aggravated identity theft, which occurs during and in relation to any "felony violation enumerated in subsection (c)." Included in subsection (c)(4) is any offense that is a felony violation of any

provision in Chapter 47 of the United States Code relating to fraud and false statements,[1] with the exception of a violation of 18 U.S.C. § 1028(a)(7).

Finally, 18 U.S.C. § 1030(a)(4) prohibits an individual from knowingly and with intent to defraud, accessing a protected computer without authorization, or exceeding authorized access where the means of such conduct furthers the intended fraud and allow the person to obtain anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1–year period.

The second superseding indictment alleges, in pertinent part, Defendant Stanley was authorized to access the Tulsa Police Department's computer system to obtain criminal history and other law enforcement sensitive information from the computer system and databases maintained exclusively for law enforcement uses, including the Tulsa Regional Area Crime Information System ("TRACIS").  As part of the agreement Defendant Stanley signed, access to TRACIS was limited and Stanley was prohibited from accessing TRACIS and/or releasing information obtained from TRACIS to unauthorized individuals.  This indictment also alleges that the Tulsa Police Department computer system is used in interstate communication and to investigate offenses that affect goods and services in interstate commerce. Defendant

---

[1] 18 U.S.C. §§ 1001 - 1038.

Brice was not authorized to transfer, possess or use confidential information which originated from TRACIS. However, according to the second superseding indictment, Brice would request confidential information stored in the files of the Tulsa Police Department computer system and databases and Stanley would access the information through the Tulsa Police Department computer system and knowingly transfer, posses, use or cause to be transferred, possessed and used, the information without lawful authority thereby affecting interstate commerce.

## Federal Jurisdiction

Defendants maintain the Commerce Clause does not give Congress authority to enforce a state law in a criminal proceeding in federal court. Rather, the power of Congress under the Commerce Clause is subject to the limitations and guaranties contained in various other provisions of the Federal Constitution and its amendments. The Commerce Clause of the Constitution, however, authorizes Congress to regulate activity in three broad categories: (1) the use of channels of interstate commerce, (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce, and (3) those activities that substantially affect interstate commerce. *U.S. v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 1629-30, 131 L.Ed. 2d 626 (1995) (citations omitted). The jurisdictional element of federal crimes does not present a pure question of the court's subject matter jurisdiction. In other words, where the "nexus

with interstate commerce" is an essential element of the offense, it is not jurisdictional in the sense that it affects the court's constitutional or statutory power to adjudicate the case. *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999).

> An indictment is deemed constitutionally sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense. *Russell v. United States*, 369 U.S. 749, 763-64, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962); *United States v. Walker*, 947 F.2d 1439, 1441 (10th Cir. 1991). Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion. *United States v. King*, 581 F.2d 800, 802 (10th Cir. 1978). An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true. *United States v. Sampson*, 371 U.S. 75, 78-79, 83 S.Ct. 173, 174-75, 9 L.Ed.2d 136 (1962).

*United States v. Hall*, 20 F.3d 1084, 1086 (10th Cir. 1994).

In this case, the second indictment, on its face, charges Defendants with conspiring "to transfer, possess, and use, without lawful authority, in and affecting commerce, the means of identification of another person, in violation of Title 18, United States Code, Section 1028(a)(7)", "knowingly and with the intent to defraud, accessing a protected computer" which furthered the fraud and allowed the defendant to obtain something of value in violation of 18 United States Code, Section 1030(a)(4); and/or "during and in relation to a felony violation of the statute relating to Computer Fraud (18 U.S.C. § 1030)" knowingly transferred, possessed and used,

a means of identification of another. Accordingly, this Court finds the indictment is constitutionally sufficient to withstand any challenge to this Court's jurisdiction.

## Double Jeopardy Issues

Defendants assert the charging of multiple counts for a single criminal act violates their right to be free from being punished more than once for a single offense. The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The United States Supreme Court has explained the purpose of this clause on several occasions as follows:

> the [Double Jeopardy] Clause serves the function of preventing both successive punishment and successive prosecution," *United States v. Dixon*, 509 U.S. 688, 704, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993) (citing *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)), and that "the Constitution was designed as much to prevent the criminal from being twice punished for the same offence as from being twice tried for it," *Ex parte Lange*, 18 Wall. 163, 173, 21 L.Ed. 872 (1874). See also *Schiro v. Farley*, 510 U.S. 222, 229-230, 114 S.Ct. 783, 788-789, 127 L.Ed.2d 47 (1994); *United States v. Halper*, 490 U.S. 435, 440, 451, n. 10, 109 S.Ct. 1892, 1897, 1903, n. 10, 104 L.Ed.2d 487 (1989). Significantly, the language of the Double Jeopardy Clause protects against more than the actual imposition of two punishments for the same offense; by its terms, it protects a criminal defendant from being twice put in jeopardy for such punishment. See *Price v. Georgia*, 398 U.S. 323, 326, 90 S.Ct. 1757, 1759, 26 L.Ed.2d 300 (1970).

*Witte v. United States*, 515 U.S. 389, 395-396, 115 S.Ct. 2199, 2204, 132 L.Ed.2d 351 (1995). Because Counts Two, Three and Four all charge the same criminal conduct

for January 7, 2004, and Counts Five, Six and Seven all charge the same criminal conduct for January 7, 2005, Defendants allege they are "being punished twice (or more) for one offense" and, therefore, the indictment is multiplicious.

Where the same act or transaction encompasses a violation of two distinct statutory provisions "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed.2d 306 (1932). In other words, under the *Blockburger* test, this Court must determine "whether each offense contains an element not contained in the other; if not, they are 'same offence.'" *United States v. Dixon*, 590 U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993).

In this case, Defendants are charged in Counts Two and Five with violation of 18 U.S.C. §§ 1028(a)(7), 1028(c)(3)(A), 1028(b)(2)(B) and 2. To establish a violation of these statutes, the government must prove that the defendants:

1) knowingly transferred, possessed, or used, without lawful authority,

2) a means of identification of another person;

3) with intent to commit, or to aid or abet, or in connection with, any unlawful activity that is either a violation of Federal law or that constitutes a felony under any applicable State or local law; *and*

4) the transfer, possession or use was in or affecting interstate or foreign commerce.

Defendants are charged in Counts Three, Six, and Eight with violations of 18 U.S.C. § 1030(a)(4) and 2. In order to prove these charges, the government must only establish that the defendants:

1) knowingly and with intent to defraud;

2) accessed a protected computer without authorization, or exceeded their authorized access;

3) by accessing the computer without authorization or by exceeding their authorized access to the computer, defendant furthered the intended fraud; and

4) the defendant obtained something of value.

Counts Four and Seven allege violations of 18 U.S.C. §§ 1028A(a)(1) and 1028A(c)(4). To establish a violation of these sections, the government need only establish that the defendants:

1) during and in relation to any felony violation enumerated in subsection (c);

2) knowingly transferred, possessed or used;

3) without lawful authority;

4) a means of identification of another person.

The term "felony violation enumerated in subsection (c)" means any offense that is a felony violation of several expressly delineated federal statutes, including among others, violations of the Social Security Act. *See*, 18 U.S.C. § 1028A(c). It does not,

however, include a felony violation of 18 U.S.C. § 1028(a)(7), the charges contained in Counts Two and Five, in the list of "felony violations enumerated in subsection (c)." Rather, violations of § 1028(a)(7) are specifically excluded from the list of felony violations enumerated in subsection (c). See, § 1028A(c)(4). Since each of these offenses contain an element or elements not contained in the others, this Court finds the prosecution of the defendants on all of the charges alleged in the second superseding indictment does not violate the Double Jeopardy Clause.

Accordingly, for the reasons set forth herein, this Court finds the Defendants Motion to Dismiss the Second Superseding Indictment (Dkt. 109) should be and hereby is denied.

It is so ordered on this 26th day of September, 2006.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma