IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CR-52-JHP |
| ) | |
| DESHON STANLEY and ) | |
| DIANA BRICE, ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is the Report and Recommendation of the United States Magistrate Judge (Dkt. # 164) in which the Magistrate Judge recommended that (1) Stanley's Motion to Dismiss Third Superseding Indictment (Dkt. #140) and Brice's Motion to Dismiss Third Superseding Indictment (Dkt. # 147) be denied; (2) Stanley's Motion to Suppress Intercepted Wire Communications (Dkt. #146) and Brice's Motion to Suppress Wiretapped Conversations to which Diana Brice was a Party (Dkt. #142) be denied; (3) Brice's Motion to Suppress Search Warrant and Evidence Obtained Thereby (Dkt. #143) be denied; and (4) Brice's Motion for Severance (Dkt. #145) and Stanley's Motion for Severance (Dkt. #148) be granted in part and denied in part.

On January 31, 2007, Defendant Stanley filed objections to the findings and recommendations of the Magistrate Judge arguing, with respect to the alleged identity theft and computer fraud charges (Counts One through Eight), the allegations do not constitute a violation of federal law; the federal court lacks jurisdiction; and she is being twice placed in jeopardy for allegedly committing the same act or acts. With respect to the charges dealing with false claims (Counts Nine through Fourteen), the defendant complains she is not charged under another category

of federal statutes that specifically address tax crimes even though some of those provisions may apply to her. As a result, Defendant Stanley argues since 18 U.S.C. §§ 286 and 287 impose more severe punishment than the more specific federal statutes which address tax crimes (26 U.S.C. §§ 7206(1) and (2) and § 2707), the Government should be prohibited from proceeding against her under the general statutes alleged in the Third Superseding Indictment. Additionally, Defendant Stanley argues the affidavit of F.B.I. Special Agent Matt Lotspeich did not establish probable cause for a wiretap on her phone because it failed to establish that she participated in the illegal activities involving controlled substances or wire fraud. Further, Defendant Stanley argues the Government failed to establish a *prima facie* showing of reasonable minimization of the intercepted calls, at the January 12, 2007, hearing before the Magistrate Judge.

On February 1, 2007, Defendant Brice filed an Objection to the Magistrate's Report and Recommendation (Dkt. # 167). In her objection, Defendant Brice simply re-urges her previously filed authorities with the exception of her motion for severance. Defendant Brice does not object to the Magistrate's Report and Recommendation as it relates to the issue of severance.

On February 5, 2007, the Government filed a Joint Response to the Defendant's Objections urging the Court to adopt the Magistrate's Report and Recommendation on all issues with one exception. Basically, the government's response indicates it does not concede the issue of severance. The government, however, indicates it will not object to the Report and Recommendation of the Magistrate Judge on the issue of severance; but requests the Court to allow the Government to elect which counts they will proceed with in the first trial. Specifically, the Government asks to be allowed to proceed with Counts Nine through Twenty-One first on March

5, 2007; and then, if necessary, proceed on counts One through Eight of the Third Superseding Indictment at a later date.[1]

Rule 59(b)(2) of the Federal Rules of Criminal Procedure requires a party objecting to the findings and recommendations of the magistrate judge to "serve and file **specific** written objections to the proposed findings and recommendations." Furthermore, [u]nless the district judge directs otherwise, the objecting party **must** promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient. Failure to object in accordance with this rule waives a party's right to review." *Id.* Defendant Brice has not identified any findings of fact made by the magistrate judge which she alleges are incorrect. Defendant Stanley only alleges "there is absolutely no indication that Ms. Stanley participated in the illegal activities involving controlled substances or wire fraud" and "the Government failed to make a *prima facia* showing of reasonable minimization of the intercepted calls at the hearing held before the Magistrate Judge." Thereafter, Defendant Stanley requests this Court make a *de novo* determination upon the record even though the hearing before the Magistrate Judge has never been transcribed for review by this Court.

After a careful review of the Report and Recommendation of the Magistrate Judge, as well as listening to an audio recording of the hearing held on January 12, 2007, before the Magistrate Judge, this Court hereby adopts the Magistrate's Report and Recommendation as the ruling of this Court. The Court would note that the Report of the Magistrate Judge accurately summarizes the

---

[1] On February 5, 2007, the Government also filed a separate Motion for An Election of Counts (Dkt. # 178) in which the Government requests to be allowed to proceed to trial on the current trial date of March 5, 2007, on Counts Nine through Twenty-One of the Third Superseding Indictment. Although the Motion does not indicate if the defendant's object to this request, it does indicate the defendant's are actively pursuing plea negotiations. Therefore, in an effort to maintain the current trial schedule, the Court will allow the Government to elect the counts upon which they wish to proceed first.

testimony presented at the hearing before the Magistrate Judge, including testimony relating to reasonable minimization of the intercepted telephone calls, *i.e.*, efforts taken by the Government to refrain from monitoring conversations deemed nonpertinent to the investigation. *See*, *United States v. Willis*, 890 F.2d 1099, 1101 (10th cir. 1989). Furthermore, the Magistrate's Report applies the applicable law to the facts of this case in a well thought out and thorough manner.

It is, therefore, the Order of this Court, for the reasons set forth in the Magistrate's Report, that:

1. Stanley's Motion to Dismiss Third Superseding Indictment (Dkt. #140) and Brice's Motion to Dismiss Third Superseding Indictment (Dkt. # 147) be **DENIED;**

2. Stanley's Motion to Suppress Intercepted Wire Communications (Dkt. #146) and Brice's Motion to Suppress Wiretapped Conversations to which Diana Brice was a Party (Dkt. #142) be **DENIED**;

3. Brice's Motion to Suppress Search Warrant and Evidence Obtained Thereby (Dkt. #143) be **DENIED**; and

4. Brice's Motion for Severance (Dkt. #145) and Stanley's Motion for Severance (Dkt. #148) be **GRANTED IN PART AND DENIED IN PART**.

It is further ordered that:

1. Government's Motion for An Election of Counts (Dkt. #178) is hereby **GRANTED**. Trial will be held on March 5, 2007, on Counts Nine through Twenty-One of the Third Superseding Indictment. As soon as the first trial is completed, this Court will set a trial date for Counts One through Eight.

2. Jury Instructions, Voir Dire and Trial Briefs relating to a trial on Counts Nine through Twenty-One of the Third Superseding Indictment will remain due on February 16, 2007, with further pre-trial to be held on February 20, 2007, at 12:01 p.m.

ORDERED THIS 8th DAY OF FEBRUARY, 2007.

James H. Payne
United States District Judge
Northern District of Oklahoma